The Honorable Roy C. Lewellen State Senator P.O. Box 403 Marianna, AR 72360
Dear Senator Lewellen:
This is in response to your request for an opinion on the following questions:
 1. Whether a city (Jennette) located in Crittenden County, Arkansas, which borders another county (St. Francis), can annex unincorporated land lying in St. Francis County into the City of Jennette located in Crittenden County? If so, is the procedure different from an annexation that covers land within the same county?
 2. The Jennette Fire District overlaps into St. Francis County by a five (5) mile radius. The Jennette Fire Department has attempted to contact the St. Francis County government in order to obtain its share of state turnback money in order to provide fire protection for residents in St. Francis County that fall within the Jennette Fire District. Jennette has been unsuccessful at this time.
With regard to your first question, if you are asking whether a city can initiate the annexation of contiguous lands in another county by ordinance or some other process, it is my opinion that the answer is "no."
Annexation of territory to a municipal corporation may be initiated either by owners of property adjacent to a city or town or by a municipal corporation which desires to have adjacent territory become part of the city. The procedure varies in each case. See Chapter 40 of Title 14 of the Arkansas Code, Subchapters 2 through 6. While landowners in an adjoining county may, under certain circumstances, petition for annexation to a city (see A.C.A. §§ 14-40-401 through -408), there appears to be no provision for a city to initiate the annexation of lands in another county. With regard to annexation by petition, Section 14-40-402 states:
 (a) Whenever all the real estate owners of any part of a county contiguous to and adjoining any municipality and within the school district of the municipality, although located in an adjoining county, shall desire that the lands be annexed to, and become a part of, the city or incorporated town, they may file a petition for annexation with the county judge of the county in which the lands are located for approval.
 (b) Upon approval by the county judge, the real estate owners may file a petition for annexation in the circuit court of the county in which the lands are situated.
See also A.C.A. §§ 14-40-403 through -408 (1987) (regarding the hearing on the petition, and other related matters.)
It is clear that these provisions only apply where the adjoining land is in the school district of the city, and where the annexation is initiated by petition of landowners. The general provisions governing municipal annexation of contiguous lands (A.C.A. §§ 14-40-302 through -304 (1987 and Cum Supp. 1993)), do not, in my opinion, confer authority to annex lands lying in another county. It must be recognized in this regard that the annexation of territory to a municipality is a state affair and subject to the general laws of the state. A.C.A. §14-43-601(a)(1)(N) (1987). The absence of specific authority under state law for a city to annex territory in another county compels me to conclude that the answer to your question is "no" with regard to annexation that is initiated by a city's governing body, and not by petition of landowners in accordance with A.C.A. § 14-40-401 et seq.[1]
In response to your second question regarding the Jennette Fire Department, I assume that you are referring to the insurance premium tax monies that are collected under A.C.A. § 26-57-614
(Cum. Supp. 1993) and disbursed in accordance with A.C.A. §§14-284-401 through -410 (Cum. Supp. 1993).
The question of whether a particular fire department or fire protection district is entitled to a share of these monies is a factual question which cannot be answered in an official Attorney General opinion. See, e.g., Op. Att'y Gen. 94-051. This requires a factual inquiry which this office is neither equipped nor empowered to address. It should be noted, however, as a general matter, that the monies are to be apportioned by each quorum court "to the districts and municipalities within thecounty based upon population . . ." unless the County Intergovernmental Cooperation Council notifies the quorum court otherwise. A.C.A. § 14-284-403(a) and (b). (Emphasis added.) It must be concluded from this language that a fire department in one county is not automatically entitled to a share of premium tax monies from another county, notwithstanding the fact that services are provided to the other county. The monies are to be apportioned "within the county. . . ."
The possibility exists, however, that the quorum court has received notification from the County Intergovernmental Cooperation Council, in accordance with A.C.A. §14-284-403(a)(2). In that case, the monies must be distributed as directed by the Council. Id. You have not indicated whether the quorum court in this instance (St. Francis County) has received such notification. I therefore cannot determine whether some other apportionment (other than population-based) is required. This is a factual question.
Reference should also be made to A.C.A. § 14-284-406, which states as follows:
 (a)(1) Pursuant to § 14-284-201(a)(2), in any area in any county, in which there is no rural volunteer fire department or fire protection district which qualifies for funds under the provisions of this subchapter, the quorum court is authorized, in its discretion and with the approval of the Arkansas Fire Protection Services Board to designate any unincorporated area of the county to be served by a municipal fire department, if approved by the governing authorities of such municipality.
 (2) In addition to the funds the municipality is otherwise entitled to under this subchapter, the municipality serving any such designated area shall receive the funds which the rural volunteer fire department or fire protection district would have been eligible to receive, and such funds shall be used by the municipality to provide training and to purchase equipment necessary to provide fire protection in the designated unincorporated area in compliance with this subchapter.
 (b) No municipality shall receive funds under this subchapter unless it is willing to provide fire protection through mutual aid agreements in areas within five (5) miles of its corporate limits. Such municipalities shall not be required to respond when, in the opinion of proper municipal authorities, municipal property or fire classification rating would be jeopardized. [Emphasis added.]
I cannot determine from the facts provided whether § 14-284-406
applies in this instance. The question is whether the St. Francis Quorum Court has exercised its discretion under this provision in designating the area which you indicate is currently being served by the Jennette Fire Department. Again, this is a question of fact.
It is thus apparent that the factual nature of the inquiry precludes a conclusive response to your second question. As noted above, distribution of the premium tax monies is a matter within the discretion of the county quorum court (St. Francis County in this instance), and/or the St. Francis County Intergovernmental Cooperation Council. See A.C.A. §§ 14-284-403 and -406. The request for funds must therefore be addressed to these governmental entities.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] With regard to the general provisions authorizing annexation proceedings by adjoining landowners, it seems clear that the area affected must be in the same county as the city or town. See A.C.A. § 14-40-601 (1987) and Gitelman, ChangingBoundaries of Municipal Corporations in Arkansas, 20 Ark. L. Rev. 135, 138 (1966).